NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2513-19

KAREN B. ENOUS,

    Plaintiff-Appellant,

v.

ERIC FIELDS and NICOLE
FIELDS,

    Defendants-Respondents.

_____

Submitted April 19, 2019 – Decided June 16, 2021

Before Judges Hoffman and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. DC-011405-18.

Karen B. Enous, appellant pro se.

Respondents have not filed briefs.

PER CURIAM

After a bench trial in the Special Civil Part, pro se plaintiff Karen B. Enous appeals from a January 10, 2020 order dismissing her complaint against

defendants Eric and Nicole Fields seeking $15,000 in allegedly misused assets. We affirm.

I.

This dispute arises from the use of assets of the deceased Milton L. Brownlee (the decedent) while he was alive. Plaintiff is the decedent's aunt. Defendants are related to the decedent as well, though their exact relationship is unclear. The decedent lived with and paid rent to defendants. In April 2016, the decedent became ill and bedridden, and executed a power of attorney in favor of plaintiff on June 30, 2016. Notably, there is no record of the decedent's mental incompetence or an appointed guardian.

After the decedent's death in August 2017, plaintiff filed a complaint alleging defendants misused the decedent's assets while he was alive for their own personal enjoyment. She further alleged that defendants owed her this money.

On December 3, 2019, both parties appeared pro se for a bench trial. Plaintiff testified to the many ways defendants spent the decedent's assets, including, among other things, on liquor, gambling, cell phones, and gas. In response, defendants testified that the decedent lived with their family for over thirty years; when the decedent became ill, defendants provided him with

A-2513-19

continuous care. Defendants claimed that the decedent approved their use of his assets and at times insisted on paying for gifts for them and their children. They also challenged plaintiff's claims, contending plaintiff misused the decedent's assets. Further, defendants filed a counterclaim against plaintiff for intentional infliction of emotional distress, though defendants did not pursue the counterclaim at trial.

On January 10, 2020, the trial judge issued a decision and corresponding order, dismissing plaintiff's complaint and defendants' counterclaim. The judge found both parties' testimonies to be credible, but the decedent's true wishes remained unclear and neither party provided sufficient evidence to support their claims. Thereafter, plaintiff filed this appeal.

II.

On appeal, plaintiff argues the trial judge erred in (1) finding defendants' testimony credible, (2) rushing the trial, and (3) not hearing argument concerning defendants' counterclaim.

We will not disturb the trial judge's factual findings following a bench trial, so long as they are supported by substantial credible evidence. Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974). We owe particular deference to the judge's evaluation of witness credibility. Ibid. We review the

judge's evidentiary rulings for abuse of discretion.  Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010).  We review the judge's legal rulings de novo.  Manalapan Realty, L.P., v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995).

Plaintiff first contends that the trial judge erred and abused his discretion in finding defendants' testimony credible, alleging she offered evidence disputing their testimony.  The record, however, contains substantial evidence supporting defendants' contentions.  Defendants testified at length that the decedent was generous with his money and often bought gifts for their family.  Moreover, plaintiff failed to satisfy her burden to establish the decedent's alleged true wishes.  We discern no basis to disturb the judge's decision to credit the testimony of defendants concerning the generosity of the decedent, who lived with defendants' family for over thirty years.

Plaintiff further contends the trial judge erred by rushing the trial.  At the beginning of the trial, the judge said to plaintiff, "I do have another matter.  I think those folks are waiting in the back. . . .  So, if you feel yourself dragging on for hours, see what you can do to make it go by a little bit quicker, okay?"  Despite this statement, we see no evidence the judge did not give plaintiff her due time.  The trial transcript shows that the judge gave plaintiff ample time to

present her testimony and arguments. The only argument the judge did not hear concerned defendants' counterclaim and plaintiff's response; however, the judge dismissed defendants' counterclaim. The lack of time given to plaintiff's arguments in response to the counterclaim was not prejudicial. Having reviewed the record in light of the applicable standard, we find no abuse of discretion.

Affirm.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2513-19